UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MARTA McCLANAHAN, formerly known as MARTA STINSON and JESSICA STINSON, | ) ) ) ) | |
| Plaintiffs, | ) ) | NO. 3:19-cv-00163 CHIEF JUDGE CRENSHAW |
| v. | ) ) | |
| MEDICREDIT, INC., | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Medicredit, Inc.'s ("Medicredit") Motion for a More Definite Statement, pursuant to Federal Rule of Civil Procedure 12(e). (Doc. No. 11.) Marta McClanahan (formerly known as Marta Stinson) and Jessica Stinson (collectively "Plaintiffs") have filed a response in opposition, to which Medicredit has replied. (Doc. Nos. 14, 17.) For the reasons stated below, Medicredit's Motion for a More Definite Statement will be denied.

## I.     Relevant Background

### A.     Allegations of the Complaint

Plaintiffs have filed this action under the Fair Debt Collection Practices Act ("FDCPA") and Tennessee state law. (See Doc. No. 1) Plaintiffs allege that Jessica Stinson received a medical procedure and subsequently incurred a debt for medical services owed to Centennial Medical Center. (Id. at 1.) On April 6, 2018, Medicredit allegedly sent McClanahan (Stinson's mother) a collection letter in an attempt to collect the debt incurred by Stinson. (Id. at 3.) In response, McClanahan filed a complaint with the Consumer Financial Protection Bureau ("CFPB") stating that Medicredit erroneously attempted to collect the debt from her (as opposed to Stinson). (Id.) A

copy of the CFBP complaint was forwarded to Medicredit for review. (Id.) Medicredit replied to the CFPB inquiry, indicating that: (1) it had resolved the problem; but (2) allegedly disclosing to the CFPB that McClanahan was indebted to Medicredit for two sperate, unrelated debts. (Id.) Further, Medicredit allegedly attached numerous personal documents regarding McClanahan's previous medical treatment, including an intake form and insurance information disclosing the medical treatments she had undergone. (Id.) Plaintiffs allege that, although Medicredit represented that it had resolved the issue, it again contacted McClanahan by phone on October 26, 2018, to collect on the debt owed by Stinson. (Id. at 4.)

Plaintiffs allege that by attempting to collect from McClanahan by falsely representing or implying that she was responsible for the debt, Medicredit falsely represented the character, amount, and legal status of a debt in violation of FDCPA protections, including 15 U.S.C. §§ 1692e(2)(A), 1692e, 1692e(1), 1692f, and 1692f(1). (Id. at 5-6.) Similarly, Plaintiffs allege that the communication of McClanahan's other debts and personal medical history by Medicredit to the CFPB was a violation of other FDCPA provisions (15 U.S.C. §§ 1692c(b), 1692d) and Tennessee state law. (Id. at 6.) Plaintiffs also maintain that Medicredit's communications to McClanahan about Stinson's debt violated numerous FDCPA provisions as related to Stinson. (Id. at 7-8.) In the "Causes of Action" portion of the Complaint, Plaintiffs incorporate by reference the entirety of their complaint and lump these incidents together to constitute "Counts I-IX" under the FDCPA. (Id. at 9.) Plaintiffs also include other counts pursuant to Tennessee state law. (Id. at 9-10.)

## II. Legal Standard

Federal Rule of Civil Procedure 12(e) provides that a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or

ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "[A] motion for more definite statement is designed to strike at unintelligibility rather than simple want of detail . . . it must be denied where the subject complaint is not so vague or ambiguous as to make it unreasonable to use pretrial devices to fill any possible gaps in detail." Midgett v. KSP Head Chaplain, No. 5:11-CV-P132-R, 2012 WL 4098991, at *4 (W.D. Ky. Sept. 17, 2012) (alterations in original) (citing Fed. Ins. Co. v. Webne, 513 F. Supp. 2d 921, 924 (N.D. Ohio 2007) (internal quotation marks omitted). "Federal courts generally disfavor motions for more definite statements[, and i]n view of the notice pleading standards of Rule 8(a)(2) and the opportunity for extensive pretrial discovery, courts rarely grant such motions." Id. As such, a "Rule 12(e) motion based [only] on the belief that a better affirmative pleading by the opposing party will enable [the movant] to provide a more enlightening or accurate response will be denied." Id.

### III. Analysis

Medicredit's Motion for a More Definite Statement is limited in scope. (See Doc. No. 11.) Medicredit is requesting only that Plaintiffs be required to "separate their nine FDCPA counts and plead elements and facts in support of each claim so that [Medicredit] can properly respond to each count." (Id. at 4.) Medicredit maintains that it is entitled to notice of the essential elements of Plaintiffs' counts and a specific identification of the facts that support each count. (Id. at 4-5.) Accordingly, Medicredit requests that the Court grant its motion. (Id. at 5.) Plaintiffs respond that the Court should deny Medicredit's instant motion because: (1) Medicredit did not file a separate Memorandum of Law in violation of the Court's Local Rules; (2) Medicredit's motion is nothing more than dilatory tactic; and (3) the Complaint is well pled. (See Doc. No. 14.)

As a threshold matter, the Court notes that Plaintiffs are correct that Medicredit did not file a separate Memorandum of Law, but, rather, filed a combined motion and memorandum contrary

to this Court's Local Rules. See LR 7.01(a)(2) ("Except as otherwise provided herein, every motion that may require the resolution of an issue of law must be accompanied by a separately filed memorandum of law citing supporting authorities and, where allegations of fact are relied upon, affidavits, depositions, or other exhibits in support thereof."). This alone is enough for the Court to deny Medicredit's motion.[1]

However, considering Medicredit's motion on the merits, it is clear that the Complaint is not so vague or ambiguous as to make it unreasonable to use pretrial devices to fill any possible gaps in detail. Midgett, 2012 WL 40988991, at *4. Rule 8(a)(2) sets forth "modest notice-pleading requirements" that are to be liberally construed. CNH America v. UAW, 645 F.3d 785, 794 (6th Cir. 2011). Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the [opposing party] fair notice of what the * * * claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The Complaint, while somewhat inartful, meets this standard. In sum, Plaintiffs allege that Medicredit improperly communicated with McClanahan and revealed both McClanahan's medical

---

[1] Medicredit's reply arguments—that its motion is not subject to Local Rule 7.01(a)(2) and, in any event, it complied with the spirit of the rule—are singularly unpersuasive. First, Medicredit's Motion for a More Definite Statement does require a "resolution of law" so as to bring the motion within the ambit of Local Rule 7.01(a)(2). Specifically, in considering Medicredit's motion, the Court is required to examine the factual and legal allegations contained in the Complaint and decide whether they comply with the pleading standards set forth in Rule 8 or, as Medicredit argues, such allegations are "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). To suggest that this analysis does not require a resolution of law, as Medicredit does in its reply, strains credulity. Further, Medicredit's suggestion that it complied with the "spirit of the rule" is also unconvincing. The Court's Local Rules are technical in nature by necessity, they aid the Court in efficiently disposing of its many matters and provide uniformity in parties' pleadings. Allowing pleadings that merely "comply with the spirit" of the Local Rules would defeat the purpose of the Court's institution of those rules. What Medicredit seeks, in actuality, is excusal for its own procedural fault. Nevertheless, although the Court would be more than justified in denying the motion solely on this basis, it considers the merits of Medicredit's motion, which are equally unavailing.

4

information and Stinson's financial information to third parties, all in violation of the FDCPA and Tennessee state law. (See Doc. No. 1.) The Complaint in this case is sufficient to put Medicredit on notice as to the nature of the allegations against it. This case should therefore proceed to discovery. Moreover, Medicredit's motion is premised on the belief that making its suggested amendments will enable it to provide a more responsive answer, and, therefore, the motion must be denied. Midgett, 2012 WL 40988991, at *4.

**IV. Conclusion**

For the foregoing reasons, Medicredit's Motion for a More Definite Statement (Doc. No. 11) is **DENIED**. Medicredit is hereby **ORDERED** to file an answer to the Complaint **within fourteen (14) days of the date of this Order**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE