# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| MARTA McCLANAHAN (fka MARTA) ) STINSON & JESSICA STINSON ) Plaintiffs, ) ) ) MEDICREDIT, INC. ) Defendant. ) | Civil Case No. 3:19-CV-163 Chief Judge Crenshaw/Frensley |

## INITIAL CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.01 (d) (2), the following initial Case Management Plan is adopted.

    **A.**     **Jurisdiction:** Jurisdiction of this Court arises under 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

    **B.**     **BRIEF THEORIES OF THE PARTIES:**

    **Plaintiff's theory on the case:** The Defendant invaded Ms. Stinson's privacy by sending a collection letter to and communicating with Ms. McClanahan. By contacting a third party to harass about a bill not owed by said third party, the Defendant violated the FDCPA. The Defendant also invaded Ms. MClanahan's privacy by disclosing to Consumer Financial Protection Bureau (CFPB) that she also is indebted to MediCredit and also sent many personal documents of Ms. McClanahan's. The Defendant violated the FDCPA by disclosing McClanahan's debt to a third party.

    **Defendant's theory of the case:** Medicredit denies Plaintiffs' allegations. In particular, Medicredit denies that it invaded Ms. Stinson's privacy or violated the FDCPA. In particular, Medicredit made only one communication with Ms. McClanahan regarding Ms. Stinson's debt,

which is permissible under the FDCPA. *See* 15 U.S.C. § 1692b. Further, all other communications between Medicredit and Ms. McClanahan concerning Ms. Stinson were initiated by Ms. McClanahan and Medicredit did not communicate any information about Ms. Stinson's debt during the communications initiated by Ms. McClanahan. And to the extent that Medicredit is deemed to have violated the FDCPA, it asserts that any violation was the result of a bona fide error.

      **C.**    **ISSUES RESOLVED:** Jurisdiction and venue. Medicredit reserves the right to challenge subject matter jurisdiction under the holding of *Spokeo*.

      **D.**    **ISSUES STILL IN DISPUTE:** The Defendant violated the FDCPA and/or invaded the privacy of the Plaintiff(s) by disclosing personal and private medical information to third parties.

      **E.**    **INITIAL DISCLOSURES:** The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before **May 31, 2019**.

      **F.**    **CASE RESOLUTION PLAN AND JOINT ADR REPORTS:** The parties shall develop a plan for resolution of the case that includes at least two independent attempts to resolve the case. The first attempt shall occur no later than 120 days from the initial case management conference, and the second attempt shall occur before the deadline for filing dispositive motions. The parties are encouraged to consider the Alternative Dispute Resolution options provided in Local Rule 16.02 through 16.07. By no later than **September 13, 2019** the parties shall submit a joint report to advise the Court that the parties made a good faith effort to resolve the case. The joint report shall also state whether the parties request referral of the case for ADR. An updated joint report, including whether the parties request referral of the case for ADR, shall be filed no later than sixty (60) days in advance of the deadline for the filing of

dispositive motions.

G. **DISCOVERY:** The parties shall complete all written discovery and depose all fact witnesses on or before **January 30, 2020**. Discovery is not stayed during dispositive or other motions, unless ordered by the Court. No motions concerning discovery are to be filed until after counsel have spoken in a good faith effort to resolve any dispute(s). Discovery motions are to be filed in accordance with the practices of the Magistrate Judge, who will resolve all disputes. All discovery-related motions shall be filed by no later than **January 3, 2020.**

H. **MOTIONS TO AMEND OR ADD THIRD PARTIES:** Any motion to amend or add parties shall be filed no later than **August 2, 2019**.

I. **DISCLOSURE OF EXPERTS:** The plaintiff shall identify and disclose all expert witnesses and expert reports on or before **January 30, 2020**. The defendant shall identify and disclose all expert witnesses and reports on or before **February 28, 2020**. No supplemental expert reports or rebuttal expert reports shall be allowed, except upon order of the Court for good cause shown.

J. **DEPOSITIONS OF EXPERT WITNESSES:** All experts shall be deposed by no later than **April 1, 2020**.

K. **SUBSEQUENT CASE MANAGEMENT CONFERENCE.** A subsequent case management conference shall be held **December 16, 2019 at 10:30am** after this initial case management conference to address: status of discovery (including any discovery issues or disputes); prospect for settlement (including propriety of ADR); and, any other appropriate matters. The parties shall call 1-877-336-1831 at the appointed time, and when prompted for the access code, enter 7039387# to participate in the Conference.

L. **DISPOSITIVE MOTIONS:** Dispositive motions shall be filed by no later than

**April 30, 2020**. Responses to dispositive motions shall be filed within 28 days after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed within 14 days after the filing of the response and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the Court. In all other respects, the provisions of Local Rule 56.01 shall govern.

      **M.    ELECTRONIC DISCOVERY.** Administrative Order No. 174-1 need not apply to this case. The Disclosure or discovery of electronically stored information should be handled as follows:

      i.    The parties may be requested to disclose or produce information from electronic or computer-based media, but the parties believe that disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business.

      ii.    If data identified by the parties is not reasonably accessible because of undue burden or cost, the parties shall be allowed under Fed. R. Civ. P. Rule (26)(b)(2)(B) to file a motion to compel discovery or for a protective order.

      iii.    The format and media of the data disclosed or produced must be in a form that is reasonably accessible and usable, or the parties must translate it into a reasonably accessible and usable form. The parties agree that .pdf format is a reasonably accessible and usable form for written documents and .wav format for audio documents.

      iv.    Reasonable measures have been taken by the parties to preserve potentially discoverable data (as described above) from alteration or destruction in the ordinary course of

business or otherwise.

v. There are currently no other problems the parties anticipate may arise in connection with electronic or computer-based discovery.

vi. Discovery requests and responses are to be made to the undersigned counsel.

**N. ESTIMATED TRIAL TIME AND TARGET TRIAL DATE:** The JURY trial of this action is expected to last approximately 3 days. A trial date no earlier than **September 15, 2020** is respectfully requested.

**IT IS SO ORDERED.**

_____
**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**