UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| MARTA MCCLANAHAN (fka MARTA STINSON) & JESSICA STINSON )<br><br>Plaintiffs, )<br><br>v. )<br><br>MEDICREDIT, INC. and JOHN DOES 1-2 )<br><br>Defendants. ) | Civil Case No. 3:19-cv-163<br>Chief Judge Crenshaw/Frensley |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

### INTRODUCTION

1. This action arises out of Defendant Medicredit, Inc.'s (Medicredit) and at least two of its employees' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA") in their illegal efforts to collect a consumer debt from Plaintiffs Marta McClanahan (McClanahan) and Jessica Stinson (Stinson) and for invasion of personal and financial privacy under the FDCPA and Tennessee state law.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

3. Venue is proper in this District because a substantial part of the events or omissions giving rise to the Plaintiffs claims occurred here, the Plaintiffs resides here, and Defendants transact business here.

## PARTIES

4. Plaintiff McClanahan is a natural person who resides in Williamson County, Tennessee.

5. Plaintiff Stinson is a natural person who resides in Williamson County, Tennessee and is and at all times relative the adult daughter of McClanahan.

6. Defendant Medicredit is a for-profit foreign corporation (Missouri) registered to do business in Tennessee that currently maintains CT Corporation System, 300 Montvue Rd, Knoxville, TN 37919-5546 as its registered agent.

7. Defendant John Doe 1 is a current or former Medicredit employee who sent the collection letter to Stinson as described herein and whose identity is presently unknown.

8. Defendant John Doe 2 is a current or former Medicredit employee who sent the response to the CFBP as described herein and whose identity is presently unknown.

## FACTUAL ALLEGATIONS

9. Plaintiff McClanahan is a "consumer" as defined by 15 U.S.C. § 1692a(3).

10. Plaintiff Stinson is a "consumer" as defined by 15 U.S.C. § 1692a(3).

11. Medicredit is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because it regularly uses the mails and/or the telephone, in its business, the principal purpose of which is to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Medicredit was acting as a debt collector, as defined in the FDCPA, as to the delinquent consumer debt it is attempting to collect from the Plaintiffs.

12. John Doe 1 is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

13. John Doe 2 is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

14. Defendants have alleged that the Plaintiff McClanahan incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services

which are the subject of the transaction are primarily for personal, family or household purposes, and the obligation is therefore a "debt" as defined by 15 U.S.C. § 1692a(5), namely a debt for medical services allegedly originally owed by Plaintiff Stinson to Centennial Medical Center (debt).

### *Collection Communications*

15. A "communication" under the FDCPA means conveying the information regarding a debt directly or indirectly to any person through any medium. 15 U.S.C. § 1692a(2).

### *April 6, 2018 Collection Letter & CFPB Complaint & Telephone Call*

16. On or about April 6, 2018, Medicredit and John Doe 1 sent to McClanahan a letter (collection letter) dated April 6, 2018 in an attempt to collect a debt for medical services obtained by Stinson at Centennial Medical Center. **Copy of collection letter filed as exhibit 1 to this Complaint.**

17. On or about May 8, 2018, in response to receiving the collection letter McClanahan filed a complaint with the Consumer Financial Protection Bureau (CFPB) complaining that Medicredit had attempted to collect a debt from her that she did not owe and was violating the privacy rights of Stinson. **Copy of CFPB complaint filed as exhibit 2 to this Complaint.**

18. In response to the CFBP complaint, Medicredit and John Doe 2 responded to the CFPB (response) indicating that it had rectified the problem; however, for no apparent reason Medicredit and John Doe 2 then disclosed to the CFPB that McClanahan was indebted to Medicredit on two separate and unrelated accounts. **Copy of Medicredit CFPB response to complaint filed as exhibit 3 to this Complaint.**

19. Further, Medicredit and Doe 2 attached to its response to the CFPB complaint numerous personal documents and "Private Heath Information" (PHI) regarding McClanahan's previous medical treatment including but not limited to an intake form and statements showing her name, address, insurance information, and medical procedures she had undergone.

## CLAIMS

20. The FDCPA is a federal statute which regulates debt collectors in the collection of consumer debts. See 15 U.S.C. §§ 1692 *et seq.*

21. Congress passed the FDCPA because "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors . . . , [e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers . . ., and [m]eans other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts." 15 U.S.C. §§ 1692 (a), (b), and (c).

22. The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692 (e).

23. The Sixth Circuit reaffirmed in *Stratton v. Portfolio Recovery Associates, LLC*, 770 F.3d. 443, 448-449 (6th Cir. 2014) that: "'The Fair Debt Collection Practices Act is an extraordinarily broad statute' and must be construed accordingly. *Frey v. Gangwish*, 970 F.2d 1516, 1521 (6th Cir. 1992)"; *see also Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 533 (6th Cir. 2014).

24. "'Courts must view any alleged [FDCPA] violation through the lens of the 'least sophisticated consumer'—the usual objective legal standard in consumer protection cases.' *Gionis v. Javitch, Block, Rathbone, LLP*, 238 F. App'x 24, 28 (6th Cir. 2007). (internal quotation marks and citations omitted); *see also Barany-Snyder v. Weiner*, 539 F.3d 327, 333 (6th Cir. 2008)". *Stratton, supra*, at 450.

25. "Debt collection is performed through 'communication,' . . . 'conduct,' . . . or 'means'. These broad words suggest a broad view of what the Act considers collection . . . [I]f a purpose of an activity taken in relation to a debt is to 'obtain payment' of the debt, the activity is properly considered debt collection." *See Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 461 (6th Cir. 2013).

### *Attempting to Collect Debt from the Plaintiff She Did Not Owe (McClanahan)*

26. By attempting to collect from McClanahan by falsely representing or implying in the collection letter (Ex.1) that she was responsible for the debt when she was not, the Defendants falsely represented the character, amount, and legal status of a debt in violation of 15 U.S.C. § 1692e(2)(A), which is the use of false, deceptive, and misleading representations or means in connection with collection of any debt, and the use of false representations and deceptive means to collect or attempt to collect any debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and the use of unfair means to collect or attempt to collect any debt and the collection of any amount not permitted by law, in violation of 15 U.S.C. §§ 1692f and 1692f(1).

### *Invasion of Privacy by Intrusion upon Seclusion*
### *Under the FDCPA and State Law (McClanahan)*

27. The communication of McClanahan's other alleged debts and personal medical history by the Defendants to the CFPB was intentional or negligent conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with collection of a debt, in violation of 15 U.S.C. § 1692d, and which resulted in an invasion of McClanahan's personal and financial privacy by a revelation of financial and medical information to third parties, in violation of 15 U.S.C. § 1692c(b), and by interfering physically or otherwise, with the solitude, seclusion, and or private concerns or affairs of McClanahan. See Tenn. Code Annot. § 63-2-101(b)(2).

28. As a result of the dissemination of financial and medical information by Defendant, McClanahan has suffered actual damages by Defendant in the form of emotional distress that has caused her anger, anxiety, fear, frustration, upset, humiliation, and embarrassment, amongst other negative emotions.

## *Invasion of Privacy by Intrusion upon Seclusion*
## *Under the FDCPA and State Law (Stinson)*

29. The FDCPA bars debt collectors from communicating with third parties other than the consumer, the consumer's attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector, except under certain very limited circumstances enumerated by statute, i.e., acquiring the consumer's "location information". 15 U.S.C. §§ 1692a(7), 1692c(b).

30. As stated, on or about April 6, 2018, Defendant sent a collection letter to McClanahan in connection with collection of a debt allegedly owed by Stinson. **See Ex. 1.**

31. The collection letter was a "communication" as defined by 15 U.S.C. § 1692a(2) in connection with collection of a debt.

32. Prior to Defendant sending the collection letter to McClanahan, Stinson had not given prior consent to Defendants for them to communicate with any third party in connection with the collection of the debt.

33. Defendants communicated with a third party in connection with collection of a debt and for purposes other than to acquire "location information" about the Plaintiff Stinson, in violation of 15 U.S.C. § 1692b.

34. Defendants communicated with a third party in connection with the collection of a debt, without Stinson's prior consent being given directly to Defendants, without the express permission of a court of competent jurisdiction, and not as reasonably necessary to effectuate a post judgment judicial remedy, in violation of 15 U.S.C. § 1692c(b).

35. The communication of Stinson's alleged debt by the Defendants to McClanahan was intentional or negligent conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with collection of a debt, in violation of 15 U.S.C. § 1692d, and which resulted in an invasion of Stinson's personal and financial privacy by a revelation of financial and medical information to third parties, in violation of 15 U.S.C. § 1692c(b), and by interfering physically or otherwise, with the solitude, seclusion, and or private concerns or affairs of Stinson. See Tenn. Code Annot. § 63-2-101(b)(2).

36. The attempt to collect the alleged debt from a third party is the use of false, deceptive, and misleading representations or means in connection with collection of any debt, and the use of false representations and deceptive means to collect or attempt to collect any debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and the use of unfair means to collect or attempt to collect any debt, in violation of 15 U.S.C. §§ 1692f.

37. As a result of the illegal collection communications by Defendants, Stinson has suffered actual damages by Defendant in the form of emotional distress that has caused her anger, anxiety, fear, frustration, upset, humiliation, and embarrassment, amongst other negative emotions.

*Summary*

38. The above-detailed conduct by the Defendants in connection with collection of the debt and in an attempt to collect the debt was conduct in violation of multiple provisions of the FDCPA including, but not limited to the above-cited provisions and violations of the Plaintiffs' right to privacy.

## TRIAL BY JURY

39. Plaintiffs are entitled to and hereby respectfully demand a trial by jury. **U.S. Const. amend. 7; Fed.R.Civ.P. 38.**

## CAUSES OF ACTION

## COUNTS I-IX

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692b, 1692c(b), 1692d, 1692e,

## 1692e(2)(A)(McClanahan only), 1692e(2)(B)(McClanahan only),

## 1692e(10), 1692f, 1692f(1) (McClanahan only)

40. Plaintiffs incorporates by reference all of the above paragraphs as though fully stated herein.

41. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 et seq., with respect to Plaintiffs.

42. As a result of Defendants' FDCPA violations, Plaintiffs are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 each pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT X

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION
### UNDER THE FDCPA AND STATE LAW

43. Plaintiffs incorporate by reference all of the paragraphs of this Complaint as though fully stated herein.

44. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**. 15 U.S.C. § 1692(a) (emphasis added).

45. Defendants intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and private concerns or affairs of Plaintiffs, namely, by unlawfully attempting to collect a debt and by dissemination private medical and financial information about the Plaintiffs to third parties and thereby invaded Plaintiffs' personal and financial privacy.

46. Defendants intentionally and/or negligently caused emotional harm to Plaintiffs by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiffs' right to personal and financial privacy.

47. Plaintiffs have a reasonable expectation of privacy in their solitude, seclusion, and or private concerns or affairs.

48. The actions of Defendants, in engaging in the above-described illegal conduct against Plaintiffs, resulted in intrusions and invasions of privacy by the Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

49. As a result of such invasions of privacy, Plaintiffs are entitled to actual damages in an amount to be determined at trial by a jury; from Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs prays that judgment be entered against Defendants:

### COUNTS I-IX

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692b, 1692c(b), 1692d, 1692e,

### 1692e(2)(A)(McClanahan only), 1692e(2)(B)(McClanahan only),

### 1692e(10), 1692f, 1692f(1) (McClanahan only)

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants and for Plaintiffs;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants and for each Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants and for Plaintiffs;

# COUNT XVIII

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION
## UNDER THE FDCPA AND STATE LAW

- for an award of actual damages from Defendants for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasion of privacy in an amount to be determined at trial by a jury; and for Plaintiffs; and

- for such other and further relief, as may be just and proper.


August 14, 2019                                          Respectfully submitted,

**MARTA MCCLANAHAN**
**JESSICA STINSON**

/s       Brent S. Snyder
Brent S. Snyder, BPR #021700
2125 Middlebrook Pike
Knoxville, TN 37921
(865) 546-2141
Brentsnyder77@gmail.com

/s William M. Kaludis
William M. Kaludis, BPR #017433
SHIELD LAW GROUP
1230 2nd Ave. S.
Nashville, TN 37210-4110
Phone: (615) 742-8020
Fax: (615) 255-6037
bill@shieldlawgroup.com


Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that this 14th day of August 2019, a copy of PLAINTIFFS' FIRST AMENDED COMPLAINT was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

Wendy L. Longmire, Esq.
T. William A. Caldwell, Esq.
330 Commerce St., Suite 110
Nashville, TN 37201
(615) 256-9999
wlongmire@ ortakelly.com


Jamie N. Cotter. Esq.
1700 Lincoln St., Suite 2000
Denver, CO 80203
(303) 839-3800
jcotter@spenserfane.com