UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| MARTA MCCLANAHAN (fka MARTA STINSON) & JESSICA STINSON<br><br>    Plaintiffs,<br><br>v.<br><br>MEDICREDIT, INC.<br><br>    Defendant. | Civil Case No. 3:19-cv-163<br>Chief Judge Crenshaw/Frensley |

## PLAINTIFFS' MOTION FOR LEAVE TO FILE A MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiffs Marta McClanahan and Jessica Stinson ("Plaintiffs") move for leave to file a motion for partial summary judgment pursuant to this Court's Initial Case Management Order [Doc. 22]. Plaintiffs seek leave to file the motion for partial summary judgment on the issue of liability only under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. (FDCPA), and for the invasion of personal and financial privacy (intrusion upon seclusion) under Tennessee state law, reserving the issue of actual and statutory damages as to the Defendant, together with costs and fees upon application, for a trial by jury ("Motion")

JUSTIFICATION FOR FILING MOTION FOR PARTIAL SUMMARY JUDGMENT

The Case Management Order mandates that any party give "justification for filing a motion for partial summary judgment in terms of overall economy of time and expenses for the parties, counsel, and the Court." [Doc 22, par. L]. Plaintiffs state that the motion is in all essence a motion for summary judgment and is only partial in that it seeks to reserve the issue of damages for the

1

jury. If the Plaintiffs' motion is granted this would save considerable time and will reduce the length of a trial and could lead to settlement prior to trial.

Plaintiffs' claims are brought pursuant to the Fair Debt Collection Practices Act 15 U.S.C. §§ 1692 et seq. (FDCPA) and under Tennessee state law for the invasion of personal and financial privacy (intrusion upon seclusion) of the Plaintiffs. In the Sixth Circuit the FDCPA is treated as a strict liability statute, and a single violation is sufficient for a defendant to incur liability. *Edwards v. McCormick*, 136 F.Supp.2d 795, 800 (S.D. Ohio 2001) (citing *Frey v. Gangwish II*, 970 F.2d 1516, 1518-19 (6th Cir. 1992)). Discovery has been concluded in this matter and Plaintiffs believe that they can prove the requisite elements for their causes of actions under the FDCPA using their statement of material facts which will be filed with the motion.

The Tennessee state law claim of intrusion upon seclusion (more commonly referred to as invasion of privacy) is generally a common law tort; however, Tennessee has enacted Tenn. Code Annot. § 63-2-101(b)(2). Such statute requires that "Except for any statutorily required reporting to health or government authorities and except for access by an interested third-party payer or their designee, for the purpose of utilization review, case management, peer reviews or other administrative functions, the name and address and other identifying information of a patient **shall** not be divulged. The name and address and other identifying information shall not be sold for any purpose. Any violation of this provision **shall** be an invasion of the patient's right to privacy." Tenn. Code Annot. § 63-2-101(b)(2) (emphasis added). The mandatory language in the statute has the effect of creating a strict liability statute. If Plaintiff(s) can show that the Defendant divulged any protected information to a third party, that is sufficient to establish a violation and liability on behalf of the Defendant.

Undersigned counsel respectfully suggests that establishing liability for the violation of any

of the FDCPA or state law claims likely could lead to disposition of this case through settlement and without trial. Accordingly, this obviously would benefit all parties and the Court in terms of the ultimate expenditure of time and effort to resolve this matter, *i.e.*, resolution by settlement would be more cost effective than trial on issues which could be promptly resolved by way of the suggested motion for partial summary judgment.

CONCLUSION

For the reasons noted above, Plaintiffs requests leave of Court to file its proposed motion for partial summary judgment.

03/12/2020                                    Respectfully submitted,

**MARTA MCCLANAHAN**
**JESSICA STINSON**

s/      Brent S. Snyder
Brent S. Snyder, BPR #21700
2125 Middlebrook Pike
Knoxville, TN 37921
(865)546-2141
Brentsnyder77@gmail.com

s/     William M. Kaludis
William M. Kaludis, BPR # 017433
SHIELD LAW GROUP
1230 2nd Ave. S.
Nashville, TN 37210-4110
Phone: (615) 742-8020
Fax: (615) 255-6037
bill@shieldlawgroup.com

Attorneys for Plaintiffs

## **CERTIFICATE OF SERVICE**

       I hereby certify that this 12th day of March, 2020, a copy of this PLAINTIFFS' MOTION FOR LEAVE TO FILE A MOTION FOR PARTIAL SUMMARY JUDGMENT was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

                                                s/      Brent S. Snyder
                                                Brent S. Snyder, Attorney for Plaintiffs