IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARTA MCCLANAHAN & JESSICA STINSON | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 3:19-cv-163 ) |
| MEDICREDIT, INC. | ) ) |
| Defendant. | ) ) |

**DEFENDANT'S REPLY IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT**

**I.    Judgment must enter on Stinson's claims.**

With respect to the FDCPA, Medicredit engaged in no conduct that violated a single provision as alleged by Stinson. Stinson continues to assert that Medicredit "violated" §1692b by sending the single collection letter to McClanahan. Courts have repeatedly held that "[f]ailure to abide by the requirements of § 1692b is not an independent violation of the FDCPA…" *Boozer v. Enhanced Recovery Co., LLC*, 2019 WL 5295730, at *7 (E.D. Mich. Oct. 18, 2019). This "claim" must therefore be ignored by the Court.

Rather than respond to Medicredit's argument that Stinson cannot meet her burden to establish a violation of §1692c, Stinson states only that "Defendant admits it attempted to collect a debt from a third party in violation of the FDCPA." Response, p. 5. Medicredit made no such admission. The undisputed facts conclusively establish that all of the information Medicredit received regarding Stinson's Centennial Account listed McClanahan as the guarantor. Medicredit had no obligation whatsoever to independently investigate the information it received from Centennial regarding Stinson's Centennial Account. *Sayyed v. Wolpoff & Abramson, LLP*, 733 F. Supp. 2d 635, 646–47 (D. Md. 2010); *Jenkins v. Heintz,* 124 F.3d 824, 834 (7th Cir.1997).

Medicredit relied on the information received from Centennial, and once it was advised that the information was incorrect, it ceased all contact with McClanahan. Medicredit is therefore entitled to judgment on Stinson's §1692c(b) claim.

In her Response, Stinson does not set forth a single fact or any legal support for her bald allegation that Medicredit violated §1692d, §1692e or §1692f. Stinson bears the burden of establishing liability for each of her claims. *Morris v. Equi First Corp.*, 2011 WL 1337404, at *4 (M.D. Tenn. Apr. 7, 2011) (holding that "conclusory allegations" are "simply not sufficient to satisfy the plaintiff's burden" of establishing liability for each element of her claim). Stinson has come forward with no evidence in the record to meet this burden and judgment should enter as a matter of law in favor of Medicredit on all of Stinson's FDCPA claims.

Judgment should also enter in favor of Medicredit with respect to Stinson's state law claims. Stinson asserts that the single collection letter sent to her mother containing her "name and address" constitutes a violation of her privacy. Response, p. 18. McClanahan undisputedly already knew her daughter's name and address. It simply belies common sense how disclosing this information could constitute a violation of state law.[1] Indeed, Stinson does not cite to a single case to support her position. Tennessee law makes clear that Tenn. Code. Anot., §63-2-101(b)(2) does not apply to Medicredit or this situation. And even if it did, the single collection letter could not constitute a violation of Stinson's privacy as McClanahan undisputedly already knew her daughter's name and address. Therefore, judgment must enter in favor of Medicredit with respect to Stinson's state law claims as well as her FDCPA claims.

**II.     Judgment must enter on McClanahan's claims.**

---

[1] To the extent that Stinson claims that Medicredit provided any additional information to McClanahan, it is undisputed that all of the information in Medicredit's possession listed McClanahan as the guarantor for her daughter's account. Indeed, Stinson was a dependent on her mother's insurance with respect to her procedure.

McClanahan claims, without citation to a single case, that Medicredit violated §1692e and §1692f by sending her the single collection letter associated with Stinson's Centennial Account. McClanahan does not respond in any way to the court's decision in *Jenkins v. Union Corp.*, 999 F. Supp. 1120, 1140–41 (N.D. Ill. 1998), that unequivocally holds that "a debt collector has the right to rely on information provided by the client-creditor, and has no obligation to undertake an independent debt validity investigation." Because the record is undisputed that all of the information that Medicredit received from Centennial indicated that McClanahan was the guarantor for Stinson's Centennial Account, McClanahan cannot meet her burden to establish a violation of the FDCPA with respect to the single collection letter as a matter of law.

The result is the same with respect to McClanahan's claims related to her CFPB complaint. McClanahan's Response argues that judgment should not enter because (1) there is a factual dispute regarding whether or not Medicredit was attempting to collect a debt when it responded to her CFPB complaint, and (2) that Medicredit violated the FDCPA by providing too much support for its position in its response to her complaint. Neither position is supported by fact or law.

First, McClanahan herself moved for summary judgment with respect to her claims. *See* Dkt. #45. Now, and without identifying a single fact that is in dispute, she baldly asserts that a factual dispute exists. This position should be flatly rejected. And if the Court elects to consider this argument, the record is clear that no reasonable jury could find that Medicredit's "animating purpose" in responding to McClanahan's CFPB complaint was "to induce payment". *Goodson v. Bank of Am., N.A.*, 600 F. App'x 422, 430 (6th Cir. 2015). McClanahan's claims fail for the sole reason that there is absolutely no evidence in the record that McClanahan can use to meet her burden to establish that Medicredit's response to the CFPB was an "attempt to collect a debt."

Second, McClanahan apparently believes that she can file a complaint with the CFPB and then dictate what information Medicredit can use to defend itself. McClanahan put Medicredit's communications with her "at issue" when she filed a complaint alleging that Medicredit was improperly contacting her about her daughter's debt. *Int'l Union, United Auto., Aerospace, & Agr. Implement Workers of Am. (UAW) v. Honeywell Int'l Inc.*, 300 F.R.D. 323, 327 (E.D. Mich. 2014). Both federal law and the CFPB's own regulations allow Medicredit to confidentially defend itself from McClanahan's baseless claims. *Id.*; 12 C.F.R. § 1080.14(a); 12 C.F.R. § 1070.41-1070.48. Judgment should enter in favor of Medicredit as a matter of law with respect to all of McClanahan's FDCPA claims.

Judgment must also enter as a matter of law in favor of Medicredit on McClanahan's state law claims. With no legal support, McClanahan asserts that "it would make sense for this Court to find that the release of medical records is a *per se* invasion of privacy". Response, p. 18. The Court is bound to follow Tennessee law which clearly provides that Tenn. Code. Anot., §63-2-101(b)(2) does not apply to Medicredit or this situation. Therefore, judgment must enter in favor of Medicredit with respect to McClanahan's state law claims as well as her FDCPA claims.

### III. In the alternative, the bona fide error defense absolves Medicredit of any liability for Stinson or McClanahan's FDCPA claims.

Even if the Court were to find that either Plaintiff met her burden with respect to their FDCPA claims, the bona fide error defense absolves Medicredit of liability. In their Response, Plaintiffs argue that the bona fide error defense does not apply because (1) Medicredit cannot rely on Centennial's information unless it independently reviews and evaluates all of the information it receives; and (2) that Medicredit has not produced any evidence of its policies and procedures related to its reliance on Centennial's information. None of these assertions have any merit.

4

Case 3:19-cv-00163   Document 63   Filed 06/23/20   Page 4 of 6 PageID #: 560

With respect to Plaintiffs' first argument, the case law is unequivocal that no reinvestigation is required. *See e.g. Charbonneau v. Mary Jane Elliott, P.C.*, 611 F. Supp. 2d 736, 743 (E.D. Mich. 2009). And even if a review were required, it is unclear what review Plaintiffs believe Medicredit should have undertaken. All of the information that Medicredit received indicated that McClanahan was the guarantor for Stinson's Centennial Account. SOF, at ¶ 16. Had Medicredit "investigated" this representation from Centennial, Centennial would have provided its notes which clearly state that Stinson told Centennial that it would have to "call her mother" with respect to her financial liability for her procedure. SOF, at ¶ 18.[2]

Plaintiffs' second argument similarly lacks merit. Medicredit has established that its procedure is to rely on the information provided by its client. SOF, at ¶ 11-14. As stated by the court in *Roe v. Roosen, Varchetti & Olivier, PLLC*, 2020 WL 1873329, at *3 (E.D. Mich. Apr. 15, 2020), "[t]he Sixth Circuit and district courts within the Sixth Circuit have found a debt collector's reliance on its creditor clients to supply accurate information regarding the amount and related information regarding a debt is a reasonable procedure justifying application of the bona fide error defense." That is, the procedure of relying on the client's information is the reasonable procedure entitling the debt collector to the protection of the bona fide error defense. *Id.* The record is clear in this case that Medicredit has this policy. SOF, at ¶ 11-14.

WHEREFORE, Defendant Medicredit, Inc. prays that this Court grant its Motion for Summary Judgment, and for such other and further relief as this Court deems just and proper.

---

[2] With respect to Plaintiffs' argument that Centennial's notes are hearsay, this is a red herring. Application of the bona fide error defense involves a determination regarding what Medicredit knew with respect to Stinson's Centennial Account at the time it sent the letter. Centennial's notes are irrelevant except to confirm that had Medicredit done further "investigation" as advocated by Plaintiffs, the additional information in Centennial's possession would have confirmed the reasonableness of Medicredit's reliance. However, judgment should enter in Medicredit's favor on all claims irrespective of whether the Court considers Centennial's notes or not.

DATED this 23rd day of June, 2020.

Respectfully submitted,

SPENCER FANE LLP

*/s/ Jamie N. Cotter*
Jamie N. Cotter, 40309
SPENCER FANE LLP
1700 Lincoln Street, Suite 2000
Denver, Colorado 80203
Telephone: 303-839-3826
Fax: 303-839-3838
Email: jcotter@spencerfane.com

*Attorneys for Defendant Medicredit, Inc.*

## CERTIFICATE OF MAILING

I hereby certify that on the 23rd day of June 2020, I caused a true and correct copy of the foregoing to be electronically served by the Court on the following counsel of record:

Brent S. Snyder, Esq., BPR #021700
2125 Middlebrook Pike
Knoxville, TN 37921
Brentsnyder77@gmail.com

William M. Kaludis, Atty.
SHIELD LAW GROUP
BPR #017433
1230 2nd Ave. S.
Nashville, TN 37210-4110
bill@shieldlawgroup.com
Attorneys for Plaintiff

*/s/ Jamie N. Cotter*