**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| MARTA MCCLANAHAN & | ) | |
| JESSICA STINSON | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 3:19-cv-163 |
| | ) | |
| MEDICREDIT, INC. | ) | |
| | ) | |
| Defendant. | ) | |

---

## JOINT PROPOSED PRETRIAL ORDER

---

Plaintiffs Marta McClanahan ("McClanahan") and Jessica Stinson ("Stinson") (collectively, "Plaintiffs") and Defendant Medicredit, Inc. ("Medicredit") (collectively the "Parties") jointly submit the following Proposed Pretrial Order ("Order") in advance of the September 4, 2020 Pretrial Conference.

### Pleadings Conform to this Order

The Parties agree that the pleadings are amended to conform to this Order and the Order supplants the pleadings.

### Basis of Jurisdiction

Jurisdiction of this Court arises under 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

### Plaintiff's Theory

Plaintiffs Marta McClanahan and Jessica Stinson have sued Defendant Medicredit for violating several provisions of the Fair Debt Collection Procedures Act (FDCPA) and for invasion

1

of their privacy under Tennessee state law. The FDCPA is a strict liability statute and the court or jury only need to find one provision was violated to establish liability. Medicredit's only defense is that violation was a Bona Fide Error.

Medicredit violated the FDCPA when it attempted to collect from McClanahan a medical debt owed by Stinson. In response to the collection letter McClanahan informed the Defendant she did not owe the debt and also filed a complaint with the CFPB. Plaintiffs further allege that Medicredit violated the FDCPA and state law as to McClanahan by disclosing her other alleged accounts and private health information to the CFPB. The disclosure of the other debts to the CFPB can be an attempt to collect based on the prior dealings of the parties and is therefore a violation of the act as well.

Medicredit violated the FDCPA as to Stinson by disclosing Stinson's debt to a third party without permission from Stinson and for a purpose other than obtaining location information. Plaintiffs further allege that this disclosure was an invasion of Stinson's privacy under state law.

Medicredit's Bona Fide Error defense fails. The actions undertaken by Medicredit which violated the FDCPA were intentional. The only "policy and procedure" it has in place is a written agreement from the original creditor to send correct information and to obtain the necessary signatures. Medicredit intentionally does not review the information it receives from the creditor prior to sending the collection letter which comes in a computer language file that is then used to generate the collection letter. Only if a debtor complains of an inaccuracy does Medicredit obtain the actual intake and other forms from the original creditor. This is burden shifting by the Defendant onto the original creditor who is not liable under the FDCPA.

**Defendant's Theory**

SL 3998262.1

Stinson and McClanahan claim that Medicredit violated the FDCPA and Tennessee State Law because it sent a letter to McClanahan attempting to collect a debt that Stinson owed. Medicredit received information from the facility stating that McClanahan was the guarantor on Stinson's account. Once McClanahan advised Medicredit that she was not the guarantor on the account, Medicredit ceased all collection action against her. Medicredit therefore did not violate the FDCPA or Tennessee State Law with respect to the single collection letter.

And even if the jury were to find that Medicredit violated the FDCPA, it is absolved of liability by the bona fide error defense. All of the information Medicredit received information from the facility indicated that McClanahan was the guarantor on Stinson's account. Medicredit also has policies and procedures in place to address reliance on its client's information. Medicredit has a policy of relying on the veracity of the information it receives from the facilities for which it collects debts. This policy is confirmed by the written policy requiring all clients to obtain all necessary signatures on any registration forms. This policy, in addition to Medicredit's undisputed unintentional error, are sufficient to absolve Medicredit of any liability under the bona fide error defense.

McClanahan also alleges that Medicredit violated the FDCPA when it responded to a CFPB complaint she filed. Medicredit cannot be found to have violated either the FDCPA or Tennessee State Law by responding to McClanahan's complaint. First, there can be no FDCPA liability because the response to the CFPB was not an attempt to collect a debt. Second, there can be no Tennessee State Law violation because McClanahan put her claims at issue and therefore Medicredit cannot be found to have violated the law simply by responding to her allegations. Third, there can be no liability for responding to a request for information from a governmental agency.

**Statement of Issues**

3

The Parties have filed cross motions for summary judgment. The Parties do not believe that issues of fact preclude summary judgment. Therefore, unless the Court grants Plaintiffs' partial motion for summary judgment and a jury then needs to decide the issue of damages, all pending issues should be resolved by the Court.

<u>Issues for the Court</u>: If the Court denies the motions for summary judgment, all issues will be for the jury.

<u>Issues for the Jury</u>:

- Did Medicredit violate the FDCPA as against McClanahan and Stinson when it sent the Centennial collection letter to McClanahan seeking collection of Stinson's debt?

- Even if Medicredit violated the FDCPA as against either Plaintiff, does the bona fide error defense absolve Medicredit of liability?

- Did Medicredit violate the FDCPA as against McClanahan with respect to its response to her CFPB Complaint?

- Did Medicredit violate Tennessee State Law as against Stinson when it sent the Centennial collection letter to McClanahan seeking collection of Stinson's debt?

- Did Medicredit violate Tennessee State Law as against McClanahan with respect to its response to her CFPB Complaint?

- If either the jury or the Court finds that Medicredit violated either the FDCPA or Tennessee State Law with respect to either McClanahan or Stinson, are either Plaintiff entitled to damages, and if so, in what amount?

**Statement of Relief Sought**

Plaintiffs are seeking the following:

1. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for each Plaintiff;

4

2. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiffs in an amount to be determined by a jury;

3. Actual damages for the invasion of privacy of the Plaintiffs in an amount to be determined by a jury;

4. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiffs;

## Summary of Anticipated Evidentiary Disputes

Plaintiffs and Defendant have compiled a joint exhibit list. Defendant has three (3) documents on its own exhibit list that Plaintiffs may object to on the basis of foundation, relevance, and/or relevance.  No other or major evidentiary disputes exist.

## Anticipated Length of Trial

The parties anticipate that trial will take two days.

Dated this 28th day of August, 2020.

/s/ Jamie N. Cotter
Jamie N. Cotter
*Attorney for Defendants*

/s/ Brent S. Snyder
Brent S. Snyder
*Attorney for Plaintiffs*

5

SL 3998262.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of August 2020, I caused a true and correct copy of the foregoing to be electronically served by the Court on the following counsel of record:

Brent S. Snyder, Esq., BPR #021700
2125 Middlebrook Pike
Knoxville, TN 37921
Brentsnyder77@gmail.com

William M. Kaludis, Atty.
SHIELD LAW GROUP
BPR #017433
1230 2nd Ave. S.
Nashville, TN 37210-4110
bill@shieldlawgroup.com
Attorneys for Plaintiff


*s/ Jamie N. Cotter*

SL 3998262.1