**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

MARTA MCCLANAHAN & JESSICA STINSON

Plaintiff,

vs.

MEDICREDIT, INC.

Defendant.

Case No. 3:19-cv-163

**RESPONSE TO PLAINTIFFS' MOTIONS IN LIMINE**

Defendant Medicredit, Inc.("Medicredit") respectfully submits this combined response to Plaintiffs' three Motions in Limine, and states as follows:

**RESPONSE TO MOTION IN LIMINE TO EXCLUDE MENTION OF A TECHNICAL VIOLATION OF THE FDCPA AT TRIAL**

Plaintiffs seek to prevent Medicredit "from introducing any evidence at trial regarding a technical violation of the FDCPA." Dkt. #70-1, p. 2. It is not clear what Plaintiffs are requesting. Plaintiffs have asserted that Medicredit has violated the FDCPA. Therefore, *Plaintiffs* are the parties required to introduce evidence to support their claims. Medicredit clearly has the right to defend itself against those claims. The jury instructions clearly address the claims, standards and elements applicable to those claims.

To the extent that Plaintiffs are seeking to prevent any person from using the word "technical" at trial, such a request is improper and not supported by law. For example, Medicredit has asserted the bona fide error defense. In order to advance that defense, Medicredit must advise the jury that if there is a technical violation, Medicredit is not liable due to the application of the bona fide error defense. Therefore, Plaintiffs cannot seek to prevent Medicredit from using the word "technical" in any context.

The relief requested by Plaintiffs is either nonsensical or will be dealt with in the jury instructions. Therefore, the Court should deny Plaintiffs' Motion in Limine to Exclude Mention of a Technical Violation of the FDCPA at Trial.

## RESPONSE TO MOTION IN LIMINE TO EXCLUDE MENTION OF IMPERMISSIBLE CHARACTER EVIDENCE AND MOTIVES OF PLAINTIFFS AT TRIAL

The Deadbeat Argument

Plaintiffs assert that Medicredit "should be precluded from making any 'deadbeat' claims or comments." Dkt. #69-1, p. 2. This relief has no application to this case and is completely improper. First, Medicredit is not making any "claims" whatsoever in this case. So there are no "claims" to prevent. Second, the record is clear that Plaintiff Stinson satisfied her single debt at issue in this case. Therefore, it is not clear why Plaintiffs believe that Plaintiffs being "deadbeats" are at issue in this case. Because this request has no relevance to this case, it should be denied.

Plaintiffs' Motives

With respect to Plaintiffs' motives, the jury instructions already address what the jury may or may not consider in deciding whether there is liability for Plaintiffs' claims. In addition, there is nothing in the record where Medicredit makes any statements about Plaintiffs filing this case "only for the money." Therefore, the Court should not enter any order regarding the relevance of certain testimony without knowing what that testimony will be, and this request should be denied.

Existence of Debt





Case 3:19-cv-00163 Document 82 Filed 08/28/20 Page 2 of 5 PageID #: 687

Plaintiffs seek to prevent Medicredit from examining or referring to any details concerning their debts. Very simply, Medicredit cannot be limited with respect to its presentation of the facts surrounding Plaintiffs debts. The details of the various debts, who was financially responsible for them, when they were placed with Medicredit, and what action Medicredit took with respect to each debt is critically important to Medicredit's defense in this action. For example, Medicredit must be able to reference McClanahan's multiple debts as they serve as the basis for Medicredit's defense to her claims related to Medicredit's response to her CFPB complaint. In addition, Medicredit must be able to examine why it believed that McClanahan was responsible for Stinson's debt. Plaintiffs have expressly put the details of their debts at issue in this case and Medicredit must be able to examine and refer to the debts in order for it to protect itself. This request should therefore be denied.

Plaintiffs' Attorneys' Motives

Again, it is not at all clear what Plaintiffs are requesting in this section. Medicredit agrees that the motives of Plaintiffs' attorneys' are not relevant to this case. However, to the extent that Plaintiffs are requesting any relief in addition to that, this request must be denied.

The Court should deny Plaintiffs' Motion in Limine to Exclude Mention of Impermissible Character Evidence and Motives of Plaintiffs at Trial for all of the reasons set forth above. Plaintiffs' positions either have no application to this case, or seek to prevent Medicredit from referencing evidence that is at issue by virtue of Plaintiffs' claims.

**RESPONSE TO MOTION IN LIMINE TO EXCLUDE MENTION OF PLAINTIFFS' ATTORNEY FEES AT TRIAL**

Plaintiffs' assert that "it is clear error to instruct a jury as to the potential for attorneys' fees." Dkt. #68-1, p. 2. Plaintiffs therefore acknowledge that any instruction as to damages will

come in the form of jury instructions as approved by the Court. Medicredit has not advanced a jury instruction regarding Plaintiffs' attorney fees, so it is again unclear how this request has any application to this case. Therefore, the Court should deny Plaintiffs' Motion in Limine to Exclude Mention of Plaintiffs' Attorney Fees at Trial and address this hypothetical issue during jury instructions if appropriate.

DATED this 28th day of August, 2020.

Respectfully submitted,

SPENCER FANE LLP

*/s/ Jamie N. Cotter*

Jamie N. Cotter, 40309
SPENCER FANE LLP
1700 Lincoln Street, Suite 2000
Denver, Colorado 80203
Telephone: 303-839-3826
Fax: 303-839-3838
Email: jcotter@spencerfane.com

*Attorneys for Defendant Medicredit, Inc.*

**CERTIFICATE OF MAILING**

I hereby certify that on the 28th day of August 2020, I caused a true and correct copy of the foregoing to be electronically served by the Court on the following counsel of record:

Brent S. Snyder, Esq., BPR #021700
2125 Middlebrook Pike
Knoxville, TN 37921
Brentsnyder77@gmail.com

William M. Kaludis, Atty.
SHIELD LAW GROUP
BPR #017433
1230 2nd Ave. S.
Nashville, TN 37210-4110
bill@shieldlawgroup.com
Attorneys for Plaintiff

*/s/ Jamie N. Cotter*