UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARTA MCCLANAHAN and JESSICA STINSON, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| MEDICREDIT, INC., | ) ) |
| Defendant. | ) ) |

No. 3:19-cv-00163

## OMNIBUS ORDER

In anticipation of trial, Plaintiffs Marta McClanahan and Jessica Stinson have filed three motions in limine. (Doc. Nos. 68, 69, 70.) Medicredit, Inc. ("Medicredit") has responded in opposition. (Doc. No. 82.) Having concluded that Plaintiffs' motions in limine can be resolved without a hearing or presentation of evidence, the Court will address each of them below.

**I. Plaintiffs' Motion in Limine No. 1 to Exclude Mention of Plaintiffs' Attorney Fees at Trial (Doc. No. 68)**

Plaintiffs' Motion in Limine No. 1 asks the Court to prohibit Medicredit[1] from "mention[ing] within the hearing of the jury the availability of an award of attorney's fees to Plaintiffs should they succeed in this litigation." (Doc. No. 68 at 1.) This motion will be granted because "the potential availability of attorneys' fees should not be allowed to bear on the jury's decision whether the defendant violated the FDCPA." Roth v. NCC Recovery, Inc., No. 1:10 CV 02569, 2012 WL 13046428, at *1 (N.D. Ohio Dec. 11, 2012); see also 15 U.S.C. § 1692k(a)(3) (providing that the *court* decides the amount of a reasonable attorney's fee under the FDCPA).

---

[1] For purposes of this Order, "Medicredit" includes its witnesses and attorneys.

II. **Plaintiffs' Motion in Limine No. 2 to Exclude Mention of Impermissible Character Evidence and Motives of Plaintiff at Trial (Doc. No. 69)**

Plaintiffs' Motion in Limine No. 2 asks the Court to preclude Medicredit from mentioning at trial (1) Plaintiffs'[2] character traits or their motives for filing the lawsuit; (2) Plaintiffs' attorney's motives for bringing this case; or (3) the existence of any debts Plaintiffs owed. (Doc. No. 69-1.) This motion will be granted in part and denied in part.

The Court will grant the first request because Plaintiffs' "motivation for [their] actions giving rise to the suit, or for bringing the suit, are irrelevant to the issue of whether [Medicredit] violated the FDCPA through [its] dealing with [them]." Piontek v. I.C. Sys., No. 1:08-1207, 2009 WL 1044596, at *1 (M.D. Pa. Apr. 17, 2009). The Court will also grant the second request because even "Medicredit agrees that the motives of Plaintiffs' attorneys' are not relevant to this case." (Doc. No. 82 at 3.) However, the Court will deny the third request because the existence of McClanahan's and Stinson's debts are relevant to several issues in this case, including the critical issue of whether Medicredit is entitled to the bona fide error defense.

III. **Plaintiffs' Motion in Limine No. 3 to Exclude Mention of Technical Violation of FDCPA (Doc. No. 70)**

Plaintiffs' Motion in Limine No. 3 asks the Court to prevent Medicredit "from introducing any evidence at trial regarding a technical violation of the FDCPA," reasoning that "[a] single violation of the FDCPA is sufficient to subject a debt collector to liability." (Doc. No. 70-1 at 1–2.) The Court will deny this motion because the phrase "technical violation" is not unduly prejudicial to Plaintiffs, and the Court will cure any potential jury confusion by instructing them that the FDCPA is a strict liability statute. (See Doc. No. 75-1 at 11.)

---

[2] Plaintiffs' second motion in limine uses the singular "Plaintiff," but it does not specify which of the two Plaintiffs it is referring to. Thus, the Court will construe this motion as if it were brought on behalf of both McClanahan and Stinson.

## IV. Conclusion

For the foregoing reasons, Plaintiffs' Motion in Limine No. 1 (Doc. No. 68) is **GRANTED**; Plaintiffs' Motion in Limine No. 2 (Doc. No. 69) is **GRANTED IN PART AND DENIED IN PART**; and Plaintiffs' Motion in Limine No. 3 (Doc. No. 70) is **DENIED**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE